CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 06 2019

JULIA C. DUDLEY, CLERK
BY: HMcDonac
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOUGLAS A. HOGLAN, | ) |
| Plaintiff, | ) CASE NO. 7:18CV00140 |
| v. | ) MEMORANDUM OPINION |
| R. MATHENA, ET AL., | ) By: Hon. Jackson L. Kiser |
| | ) Senior United States District Judge |
| Defendants. | ) |

The plaintiff, Douglas A. Hoglan, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that prison officials altered his inmate treatment plan in retaliation for past lawsuits he had filed about prison policies. At issue in this memorandum opinion is the partial motion to dismiss filed by defendants M. Elam, S. Massenburg, A. Pogue, K.M. Crowder-Austin, and Lovern ("defendants"), and Hoglan's response to their motion. After review of the record, I will grant the defendants' motion. Hoglan's claims against the remaining defendants, which are not challenged in the motion to dismiss, will go forward.

I.

In the fall of 2017, Hoglan was confined at Green Rock Correctional Center. During a cell search on October 11, 2017, officers confiscated numerous items from his cell that included nude or semi-nude images as violating Virginia Department of Corrections ("VDOC") policy. Hoglan filed grievances about the incident that were ruled unfounded, and these rulings were upheld on appeal. Defendants Elam, Pogue, Crowder-Austin, and Massenburg received and/or responded to Hoglan's grievances and appeals.

Officers conducted another cell search on October 17, 2017. Thereafter, Hoglan was placed in segregated confinement without being given notice or a reason for this action. He remained in that status without any of his personal possessions for several days. Under VDOC policy, defendant Lovern was responsible for conducting an Institutional Classification Authority ("ICA") hearing on October 19, 2017, concerning Hoglan's status change. No ICA hearing was conducted, however. Hoglan was released to the general population on October 24, 2017.

Liberally construed, Hoglan claims that (1) Elam, Pogue, Crowder-Austin, and Massenburg responded unsatisfactorily to grievances and appeals about the October 11, 2017 cell search; and (2) Lovern failed to provide due process protections required by VDOC policy concerning segregation placement on that date. These defendants move to dismiss the claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Hoglan has responded, making the motion ripe for disposition.

II.

A district court should dismiss a claim under Rule 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.[1] Moreover, a court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

2

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Hoglan must show direct personal involvement by each individual defendant. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability in a civil rights case is "personal, based upon each defendant's own constitutional violations"); see also Garraghty v. Va. Dep't of Corr., 52 F.3d 1274, 1280 (4th Cir. 1995).

The defendants argue that Hoglan fails to identify what specifically Elam, Pogue, Massenburg, and Crowder-Austin did personally to participate in the alleged violations of Hoglan's constitutional rights. These defendants also argue that Hoglan has not demonstrated the necessary elements to hold them liable as supervisory officials for the alleged constitutional violations of other prison officials. See Wilkins v. Montgomery, 751 F.3d 214, 226 (4th Cir. 2014). The defendants contend that Hoglan has not stated facts showing that their actions constituted a "moving force" behind the alleged violations of his rights. Jones v. Wellham, 104 F.3d 620, 627 (4th Cir. 1997). Finally, the defendants rely on the fact that inmates have no constitutional right to participate in a prison grievance procedure or to receive a particular response to a grievance or appeal. See Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017).

As to Hoglan's claims against defendant Lovern, the defendants argue that § 1983 is not the proper cause of action to raise violations of VDOC policy. Weller v. Dep't of Social Services, 901 F.2d 387, 392 (4th Cir. 1990) ("[I]t is well settled that violations of state law cannot provide the basis for a due process claim."). A state's failure to adhere to its own procedures and regulations is not a federal due process issue nor is it actionable under § 1983. See Riccio v. Cty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990). Furthermore, the defendants contend that

3

the conditions Hoglan faced while briefly confined in segregation did not give rise to a federally protected liberty interest triggering federal procedural protections. See Sandin v. Conner, 515 U.S. 472, 484, 487 (1995) (holding that a federally protected liberty interest arises only where the deprivation imposed amounts to an "atypical and significant hardship" or that it "inevitably affect[s] the duration of his sentence").

In response to the defendants' motion to dismiss, Hoglan "declines to put forth any arguments against the Defendants' motion to dismiss" as to the claims against Elam, Massenburg, Pogue, Crowder-Austin, and Lovern. (Resp. 1 [ECF No. 21].) Accordingly, for the reasons stated in the defendants' motion, I conclude that Hoglan has failed to state § 1983 claims against these defendants and that their motion to dismiss must be granted. An appropriate order will issue herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTERED this 6th day of June, 2019.

/s/ Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE