## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

DOUGLAS A. HOGLAN,    )
  Plaintiff,      )  Case No. 7:18-cv-00140
            )
v.            )
            )  By: Michael F. Urbanski
RANDALL MATHENA, et al.,   )  Chief United States District Judge
  Defendants.     )

### ORDER

Douglas A. Hoglan, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, asserting violations of his rights under the First Amendment and the Due Process Clause of the Fourteenth Amendment. The case is set for trial in February 2022. By previous order, United States Magistrate Judge Joel C. Hoppe denied Hoglan's motion for leave to conduct oral depositions. ECF No. 103. Hoglan subsequently filed objections to that order, which remain pending and are presently before the court. ECF No. 104. In the objections, Hoglan argues that the motion should have been "denied as moot" in light of defense counsel's expressed belief that the parties could resolve discovery requests without court intervention. ECF No. 104 at 2, 7. Alternatively, Hoglan suggests that the circumstances in this case are distinguishable from those in other cases in which potential security risks were found to weigh against allowing an inmate to take oral depositions. Id. at 4 (citing Bell v. Godinez, No. 1:92-cv-08447, 1995 WL 519970, 1995 U.S. Dist. LEXIS 12606 (N.D. Ill. Aug. 29, 1995)). Hoglan also notes that he "has not asked the government to assume costs of the deposition reporter." Id. at 5.

The court's review of any non-dispositive order issued by a magistrate judge is governed by Federal Rule of Civil Procedure 72(a). Pursuant to this rule, the court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to

law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). An order is "clearly erroneous" if the court is "left with a definite and firm conviction that a mistake has been made." Marks v. Global Mortg. Grp., Inc., 218 F.R.D. 492, 495 (S.D.W. Va. 2003). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." In re Eli Lilly & Co. v. Novartis Pharma AG, 580 F. Supp. 3d 334, 337 (E.D. Va. 2022) (internal quotation marks and citation omitted).

Having reviewed the record, the court finds no basis to modify or set aside the magistrate judge's order. On the same day that defense counsel expressed the belief that the parties could resolve discovery requests without further court intervention, see ECF No. 92 at 6, the defendants expressly opposed Hoglan's motion for leave to conduct oral depositions, arguing that permitting oral depositions in this case and others like it would unduly burden the Virginia Department of Corrections and the defendants. See ECF No. 91 at 4; see also id. at 7 (requesting that the court "deny Hoglan's Motion for Depositions"). Thereafter, Hoglan did not withdraw the motion or submit any other filing suggesting that his request for leave to conduct oral depositions had been rendered moot. Thus, the magistrate judge did not clearly err in addressing the merits of the motion. Nor did the magistrate judge clearly err in denying the motion. In addition to noting several compelling reasons that weigh against allowing inmates to take oral depositions, the magistrate judge correctly observed that Hoglan could obtain information through written discovery requests and that he had not shown that oral depositions would be necessary in this case.* The magistrate judge's reasoning is consistent with applicable case law

---

* The court notes that the defendants have since responded to multiple requests for production of documents, interrogatories, and requests for admission. See, e.g., ECF No. 152 at 5–15 (listing written discovery requests and the dates on which responses were provided).

and not clearly erroneous. See, e.g., McKeithan v. Jones, 212 F. App'x 129, 131 (3d Cir. 2007) (concluding that the district court did not abuse its discretion in denying an inmate's "unorthodox request" to conduct oral depositions since the inmate had "not presented any argument in his brief on appeal to suggest that written depositions would not have been sufficient for his purposes"); Lewis v. Mason, No. 1:19-cv-1504, 2020 WL 3128297, 2020 U.S. Dist. LEXIS 103075, at *7 (M.D. Pa. June 12, 2020) (concluding that "the availability of alternate forms of discovery" weighed against permitting an inmate to conduct oral depositions); Hoglan v. Robinson, No. 7:15-cv-00694, 2017 WL 8683568, 2017 U.S. Dist. LEXIS 219835, at *3 (W.D. Va. Nov. 15, 2017) (denying a similar motion filed by the same plaintiff and noting that the preferable course was for the plaintiff to pursue written discovery).

For these reasons, even if Hoglan could afford to pay the costs associated with oral depositions, the magistrate judge did not clearly err or misapply the law in denying Hoglan's motion. Accordingly, Hoglan's objections to the order denying his request for leave to conduct oral depositions are **OVERRULED** and his motion to set aside the order, ECF No. 104, is **DENIED**.

It is so **ORDERED**.

Entered: November 22, 2022

Digitally signed by Michael F.
Urbanski    Chief U.S. District
Judge
Date: 2022.11.22 16:49:28 -05'00'

Michael F. Urbanski
Chief United States District Judge